UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL WEINER,

                              Plaintiff,

                -against-

MICHELLE CLARK,

                              Defendant.

Case No.: 21-cv-4181-WFK-ARL

**ANSWER TO COMPLAINT**

**TRIAL BY JURY REQUESTED**

Defendant, MICHELLE CLARK, by her attorneys, LEWIS JOHS AVALLONE

AVILES, LLP, answering the Complaint of the Plaintiff, upon information and belief,

respectfully shows to the Court and alleges:

### AS AND FOR A RESONSE TO "NATURE OF THE CASE"

1.      Defendant denies the truth of each and every allegation contained in paragraph

numbered "1" of the Plaintiff's Complaint. In particular, Plaintiff's alleged status as "landlord,"

and the existence of a valid one-year lease agreement for the subject premises, are both denied

because Plaintiff failed to obtain a rental permit, a condition precedent to collecting rent under §

270-3 of the Town Code of the Town of Southampton, and therefore a legal issue exists as to the

validity of the underlying lease. Defendant further avers that Defendant's failure to obtain a

rental permit prior to the collection of rents constitutes a clear violation of the Town Code of the

Town of Southampton, for which Defendant may maintain a private right of action as set forth in

Defendant's First Counterclaim, below.

2.      Defendant denies the truth of each and every allegation contained in paragraph

numbered "2" of the Plaintiff's Complaint, except admits that Defendant made one (1) payment

of $20,000 to Plaintiff for a "security deposit"; four (4) payments of $20,417, for purported

monthly rent under the referenced writing; and one (1) payment of $20,117 (reflecting a $300

credit due to a faulty washer/dryer), for purported monthly rent under the referenced writing.

Said payments total $121,785, and were made by Defendant pursuant to a writing that purported

to be a valid and binding lease of the subject premises, but for which Plaintiff had failed to

obtain a rental permit, which is a condition precedent to collecting rent under § 270-3 of the

Town Code of the Town of Southampton.

3.      Defendant denies the truth of each and every allegation contained in paragraph

numbered "3" of the Plaintiff's Complaint.

### AS AND FOR A RESPONSE TO "JURISDICTION AND VENUE"

4.      Defendant denies having knowledge or information sufficient to form a belief as

to the truth of each and every allegation contained in paragraph numbered "4" of the Plaintiff's

Complaint, except admits that the Plaintiff has alleged that he is seeking an amount in excess of

$75,000.

5.      Defendant denies the truth of each and every allegation contained in paragraph

numbered "5" of the Plaintiff's Complaint, except admits that Defendant is a citizen and resident

of the State of New York.

6.      Defendant neither admits nor denies the truth of those allegations contained in

paragraph numbered "6" of the Plaintiff's Complaint, which are legal conclusions.

### AS AND FOR A RESPONSE TO "PARTIES"

7.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of each and every allegation contained in paragraph numbered "7" of the Plaintiff's

Complaint, except admits that Plaintiff is an owner of the premises located at 100 Trelawney

Road in Bridgehampton, New York 11932.

8.      Defendant denies the truth of each and every allegation contained in paragraph numbered "8" of the Plaintiff's Complaint, except admits that Defendant is a citizen and resident of the State of New York, and that Clark is a party to the writing that Plaintiff alleges to be a valid lease agreement for the subject premises.

## AS AND FOR A RESPONSE TO "FACTS"

9.      Defendant denies the truth of each and every allegation contained in paragraph numbered "9" of the Plaintiff's Complaint, except admits that on or about February 27, 2020, Plaintiff and Defendant executed a writing that purports to be a valid Lease Agreement for the subject premises, with Defendant as "Tenant" and Plaintiff as "Landlord."

10.     Defendant denies the truth of each and every allegation contained in paragraph numbered "10" of the Plaintiffs Complaint, except admits that the purported Lease Agreement calls for payment of monthly rent in the amount of $20,417 by Defendant to Plaintiff, and refers this Honorable Court to the referenced document, which speaks for itself.

11.     Defendant denies the truth of each and every allegation contained in paragraph numbered "11" of the Plaintiffs Complaint, except admits that the purported Lease Agreement calls for payment of a security deposit in the amount of $20,000 by Defendant to Plaintiff, and refers this Honorable Court to the referenced document, which speaks for itself.

12.     Defendant denies the truth of each and every allegation contained in paragraph numbered "12" of the Plaintiffs Complaint, and refers this Honorable Court to the referenced document, which speaks for itself.

13.     Defendant denies the truth of each and every allegation contained in paragraph numbered "13" of the Plaintiffs Complaint, and refers this Honorable Court to the referenced document, which speaks for itself.

14.     Defendant denies the truth of each and every allegation contained in paragraph numbered "14" of the Plaintiffs Complaint, and refers this Honorable Court to the referenced document, which speaks for itself.

15.     Defendant denies the truth of each and every allegation contained in paragraph numbered "15" of the Plaintiffs Complaint, and refers this Honorable Court to the referenced document, which speaks for itself.

16.     Defendant admits the truth of each and every allegation contained in paragraph numbered "16" of the Plaintiffs Complaint.

17.     Defendant denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "17" of the Plaintiffs Complaint, but avers that Plaintiff's statement in this sworn pleading that he comingled the security deposit with his personal funds constitutes an admission by Plaintiff of his violation of New York State General Obligations Law ("GOL") § 7-103, which admission forms the basis of Defendant's Second Counterclaim, as set forth below.

18.     Defendant denies the truth of each and every allegation contained in paragraph numbered "18" of the Plaintiffs Complaint, and in particular the characterization of Defendant as a "tenant" in light of Plaintiff's failure to obtain a rental permit pursuant to Chapter 270 of the Southampton Town Code, but admits that Defendant began occupying the premises on or after March 15, 2020.

19.     Defendant denies the truth of each and every allegation contained in paragraph numbered "19" of the Plaintiff's Complaint.

20.     Defendant denies the truth of each and every allegation contained in paragraph numbered "20" of the Plaintiff's Complaint.

4

21.     Defendant denies the truth of each and every allegation contained in paragraph numbered "21" of the Plaintiff's Complaint, but admits that shortly after she took possession of the premises, Defendant complained of problems that impacted the habitability of the premises.

22.     Defendant denies the truth of each and every allegation contained in paragraph numbered "22" of the Plaintiff's Complaint.

23.     Defendant denies the truth of each and every allegation contained in paragraph numbered "23" of the Plaintiff's Complaint.

24.     Defendant denies the truth of each and every allegation contained in paragraph numbered "24" of the Plaintiff's Complaint, except admits that Defendant complained to Plaintiff about non-working toilets.

25.     Defendant denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "25" of the Plaintiff's Complaint, but avers that the septic systems was not in good working order at the time Defendant occupied the premises.

26.     Defendant denies the truth of each and every allegation contained in paragraph numbered "26" of the Plaintiff's Complaint, except admits that the septic system backed up and had to be pumped.

27.     Defendant denies the truth of each and every allegation contained in paragraph numbered "27" of the Plaintiff's Complaint.

28.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph numbered "28" of the Plaintiff's Complaint, except admits that the Defendant complained about the toilets and the septic system to the Plaintiff.

29.     Defendant denies the truth of each and every allegation contained in paragraph numbered "29" of the Plaintiff's Complaint, except admits that the Defendant complained about the oven in the premises.

30.     Defendant denies the truth of each and every allegation contained in paragraph numbered "30" of the Plaintiff's Complaint, except admits that the Defendant complained about the cable television services not working in the premises.

31.     Defendant denies the truth of each and every allegation contained in paragraph numbered "31" of the Plaintiff's Complaint, except admits that the Defendant complained about the pool heater not working in the premises.

32.     Defendant denies the truth of each and every allegation contained in paragraph numbered "32" of the Plaintiff's Complaint, except admits that the Defendant complained about the master bedroom blinds not working in the premises.

33.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph numbered "33" of the Plaintiff's Complaint and refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

34.     Defendant denies the truth of each and every allegation contained in paragraph numbered "34" of the Plaintiff's Complaint, except admits to receiving the referenced email and attachment from Weiner on or about June 22, 2020.

35.     Defendant denies the truth of each and every allegation contained in paragraph numbered "35" of the Plaintiffs Complaint, except admits the pool was opened at some point in April, 2020.

36.     Defendant denies the truth of each and every allegation contained in paragraph numbered "36" of the Plaintiff's Complaint, except admits that the Defendant complained multiple times about the functional status of the pool.

37.     Defendant denies the truth of each and every allegation contained in paragraph numbered "37" of the Plaintiff's Complaint, except admits that the Plaintiff eventually hired a pool company to fix the pool at the premises, including a leak that had existed for several years.

38.     Defendant denies the truth of each and every allegation contained in paragraph number "38" of the Plaintiff's Complaint.

39.     Defendant denies the truth of each and every allegation contained in paragraph numbered "36" of the Plaintiff's Complaint in the form alleged except admits that Defendant cancelled a scheduled visit by the pool repair company (a repair that had been estimated would require at least 5-days to complete) due to a scheduling conflict.

40.     Defendant admits the truth of the allegation contained in paragraph numbered "40" of the Plaintiffs Complaint concerning the existence of a pool leak but is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 40.

41.     Defendant denies the truth of each and every allegation contained in paragraph numbered "41" of the Plaintiff's Complaint in the form alleged except admits that Defendant's legal counsel wrote the referenced letter to the Plaintiff, which letter accurately reflected Plaintiff's legal and contractual breaches to Defendant, and in response to which (as detailed below) Plaintiff belatedly attempted to correct his violations of the Town Code and GOL § 7-103

42.     Defendant admits the truth of the allegations contained in paragraph numbered "42" of the Plaintiffs Complaint.

43.     In response to paragraph number "43" of the Plaintiff's Complaint, Defendant responds that this paragraph sets forth argument and a legal conclusion that does not require a denial or admission. Insofar as paragraph number "43" of the Plaintiff's Complaint might be construed to state a claim against the Defendant or allege any wrongdoing by the Defendant, the Defendant denies the truth of each and every allegation.

44.     In response to paragraph number "44" of the Plaintiff's Complaint, Defendant responds that this paragraph sets forth argument and a legal conclusion that does not require a denial or admission. Insofar as paragraph number "44" of the Plaintiff's Complaint might be construed to state a claim against the Defendants or allege any wrongdoing by the Defendant, the Defendant denies the truth of each and every allegation.

45.     In response to paragraph number "45" of the Plaintiff's Complaint, Defendant responds that this paragraph sets forth argument and a legal conclusion that does not require a denial or admission. Insofar as paragraph number "45" of the Plaintiff's Complaint might be construed to state a claim against the Defendants or allege any wrongdoing by the Defendant, the Defendant denies the truth of each and every allegation.

46.     In response to paragraph number "46" of the Plaintiff's Complaint, Defendant responds that this paragraph sets forth argument and a legal conclusion that does not require a denial or admission. Insofar as paragraph number "46" of the Plaintiff's Complaint might be construed to state a claim against the Defendants or allege any wrongdoing by the Defendant, the Defendant denies the truth of each and every allegation.

47.     Defendant denies the truth of each and every allegation contained in paragraph numbered "47".

48.     Defendant denies the truth of the allegations contained in paragraph numbered "48" of the Plaintiffs Complaint insofar as the allegation implies a rental payment obligation existed, when in fact Plaintiff had failed to obtain a rental permit as required by § 270-3 of the Code of the Town of Southampton, which is a condition precedent to the collection of rent.

49.     Defendant denies the truth of each and every allegation contained in paragraph numbered "49".

50.     Defendant denies the truth of each and every allegation contained in paragraph numbered "50" in the form alleged.

51.     Defendant denies the truth of each and every allegation contained in paragraph numbered "51".

52.     Defendant denies the truth of each and every allegation contained in paragraph numbered "52".

53.     Defendant denies the truth of each and every allegation contained in paragraph numbered "53".

54.     Defendant denies the truth of each and every allegation contained in paragraph numbered "54" of the Plaintiff's Complaint, except admits to receipt of the referenced letter from Plaintiff dated March 17, 2021.

55.     Defendant denies the truth of each and every allegation contained in paragraph numbered "55".

56.     Defendant denies the truth of each and every allegation contained in paragraph numbered "56" of the Plaintiff's Complaint.

57.     Defendant denies the truth of each and every allegation contained in paragraph numbered "57".

## AS AND FOR A RESPONSE TO "COUNT I"
### <u>(Breach of Contract)</u>

58.    Answering paragraph numbered "58" of the Plaintiff's Complaint, Defendant repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of Plaintiff's Complaint, designated as paragraphs "1" through "57" inclusive with the same force and effect as though more fully set forth at length herein.

59.    Defendant denies each and every allegation contained in paragraph numbered "59" of the Plaintiff's Complaint, refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action, and avers that Plaintiff's failure to obtain a rental permit as required by § 270-3 of the Town Code of the Town of Southampton, which is a condition precedent to the collection of rent, barred Plaintiff from collecting rent from Defendant.

60.    Defendant denies each and every allegation contained in paragraph numbered "60" of the Plaintiff's Complaint, refers all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action, and avers that Plaintiff's failure to obtain a rental permit as required by § 270-3 of the Town Code of the Town of Southampton, which is a condition precedent to the collection of rent, barred Plaintiff from collecting rent from Defendant.

61.    Defendant denies the truth of each and every allegation contained in paragraph numbered "61".

62.    Defendant denies the truth of each and every allegation contained in paragraph numbered "62".

63.    Defendant denies the truth of each and every allegation contained in paragraph numbered "63" and avers that Plaintiff's failure to obtain a rental permit as required by § 270-3

of the Town Code of the Town of Southampton, which is a condition precedent to the collection of rent, barred Plaintiff from collecting rent from Defendant.

64.     Defendant denies the truth of each and every allegation contained in paragraph numbered "64".

65.     Defendant denies the truth of each and every allegation contained in paragraph numbered "65".

## AS AND FOR A RESPONSE TO "WHEREFORE"

66.     **WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "**WHEREFORE**" clause following Paragraph 65, including subparts (1) through (6), and respectfully requests that the Court dismiss the Complaint in its entirety and enter judgement in its favor and against Plaintiff.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68.     Plaintiff has failed to comply with the requirements of Southampton Town Code Chapter 270, barring the claim asserted herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69.     Plaintiff has failed to comply with the requirements of the New York State General Obligations Law ("GOL") by, *inter alia*, comingling a security deposit with his personal funds, and/or failing to disclose the banking institution within the state into which the security was deposited, in violation of GOL §7-103.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70.     Plaintiff has breached the "warranty of habitability" which is implied in all New York leases per New York Real Property Law ("RPL") § 235-b.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71.     If the Plaintiff sustained damages as alleged in the Complaint, Plaintiff failed to mitigate said damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72.     If the Plaintiff sustained damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent and/or wrongful conduct of parties other than the defendant, over whom said defendant exercised no control, without any negligent or wrongful conduct on the part of said defendant, or her agents, servants or employees contributing thereto.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73.     Any damages which Plaintiff may have suffered, which Defendant continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74.     The relief sought by the Plaintiff is barred by the doctrine of unclean hands.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

75.     Plaintiff's claims herein are barred by the doctrine of prior material breach, to wit, any alleged breach by the Defendant is second in time to a prior material breach by the Plaintiff, *to wit*, his failure to provide a safe, habitable property.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

76.     Defendant surrendered possession of the premises on or about October 11, 2020, and Plaintiff and its then-counsel, Kelly Canavan, Esq., acknowledged the surrender and termination of the lease. As such, Plaintiff is barred from seeking rents or use and occupancy due to Plaintiff's acceptance of the surrender and early lease termination.

## COUNTERCLAIMS

### AS AND FOR DEFENDANT'S FIRST COUNTERCLAIM
**Violation of Southampton Town Code Chapter 270**

1.     This matter is a dispute brought by a purported landlord against a former residential occupant over rents claimed to be due under a written lease agreement.

2.     Plaintiff Michael Weiner ("Weiner" or "Plaintiff") co-owns a residential property in Bridgehampton, New York (the "Premises"), a hamlet of the Town of Southampton, Suffolk County.

3.     On or about February 27, 2020, the parties entered into a writing that purported to be a written lease agreement (hereinafter the "Lease") for a one-year term (March 15, 2020 through March 15, 2021) for an annual rent of $245,000. *See* "Exhibit A" to Complaint.

4.     Defendant remitted $20,000.00 as a security deposit to Plaintiff on or about February 24, 2020. Compl ¶ 16. A Transaction Search Detail Report reflecting this payment is annexed hereto as **Exhibit 1**.

5.     As pleaded in the Complaint (¶¶ 17-18), Plaintiff comingled the security deposit with funds in his personal bank account. This is a violation of GOL § 7-103(1).

6.     As pleaded in the Complaint (¶¶ 17-18), Plaintiff subsequently moved the security deposit funds to another bank account (which is not specified in the Complaint). Plaintiff did not

provide Defendant with the name and address of the banking institution within the state into which the deposit was made when the monies were moved, as required by GOL § 7-103(2).

7.      Between February 24, 2020 and July 15, 2020, Defendant remitted four (4) payments of $20,417, and one (1) payment of $20,117 (reflecting an agreed-upon $300 credit due to a faulty washer/dryer), as monthly "rent" under the purported lease. Transaction Search Detail Reports reflecting each of the aforementioned payments, and an email memorializing the circumstances of the $300.00 credit, are annexed as Exhibit 1 hereto.

8.      Said payments by Defendant, together with the $20,000 security deposit, total $121,785.

9.      Plaintiff had not filed an application for, and did not possess, a current and valid Rental Permit from the Town of Southampton (hereinafter the "Town") pursuant to Chapter 270 of the Code of the Town of Southampton (hereinafter the "Town Code") prior to entering into the purported Lease with Defendant on February 27, 2020, prior to the commencement date of the lease, or prior to collecting security and rent from Defendant. *See* **Exhibit 2,** which is a true and correct certified copy of the Town of Southampton's response to Defendant's counsel's Freedom of Information Law request (indicating Plaintiff did not apply for a permit until August 20, 2021).

10.      Plaintiff had not filed an application for, and did not possess, a current and valid Rental Permit from the Town pursuant to Chapter 270 of the Town Code on February 24, 2020, when Defendant paid, and Plaintiff collected, a security deposit in the amount of $20,000. *See* Exhibit 1.

11.      Plaintiff had not filed an application for, and did not possess, a current and valid Rental Permit from the Town pursuant to Chapter 270 of the Town Code on February 24, 2020,

14

when Defendant paid, and Plaintiff collected, the first installment of rent in the amount of $20,417. *See* Exhibit 1.

12.     Plaintiff had not filed an application for, and did not possess, a current and valid Rental Permit from the Town pursuant to Chapter 270 of the Town Code on or about February 27, 2020, when the lease agreement was fully executed by the parties.

13.     Plaintiff had not filed an application for, and did not possess, a current and valid Rental Permit from the Town pursuant to Chapter 270 of the Town Code on March 15, 2020, when the term of the lease commenced.

14.     Plaintiff had not filed an application for, and did not possess, a current and valid Rental Permit from the Town pursuant to Chapter 270 of the Town Code on April 16, 2020, when Defendant paid, and Plaintiff collected, the second installment of rent in the amount of $20,417. *See* Exhibit 1.

15.     Plaintiff had not filed an application for, and did not possess, a current and valid Rental Permit from the Town pursuant to Chapter 270 of the Town Code on May 15, 2020, when Defendant paid, and Plaintiff collected, the third installment of rent in the amount of $20,417. *See* Exhibit 1.

16.     Plaintiff had not filed an application for, and did not possess, a current and valid Rental Permit from the Town pursuant to Chapter 270 of the Town Code on June 15, 2020, when Defendant paid, and Plaintiff collected, the fourth installment of rent, minus an agreed-upon credit of $300.00 for a faulty washer/dryer, in the amount of $20,317. *See* Exhibit 1.

17.     Plaintiff had not filed an application for, and did not possess, a current and valid Rental Permit from the Town pursuant to Chapter 270 of the Town Code on July 15, 2020, when

Defendant paid, and Plaintiff collected, the fifth installment of rent in the amount of $20,417. *See* Exhibit 1.

18.     Via letter dated August 3, 2020, Defendant's then-counsel, Thomas Gibbons, Esq., advised Plaintiff of multiple violations of law, including violations of Chapter 270 of the Town Code (for failure to have a rental permit) and of GOL § 7-103 (for failure to segregate the security deposit, and to notify Defendant of the banking institution within the state into which the security was deposited). *See* Compl. ¶¶ 41-46 and Exhibit C thereto.

19.     On August 20, 2020, and after having received Mr. Gibbons' August 3, 2020 letter identifying his multiple violations of law, Plaintiff emailed Defendant and her counsel to advise, for the first time, that Defendant's security deposit had been deposited in an account with "Synchrony Bank," a Delaware entity, several months prior. Notably, Plaintiff did not provide the address of the bank organization, as required by law.

20.     Also on August 20, 2020, and after having received Mr. Gibbons' August 3, 2020 letter identifying his multiple violations of law, Defendant filed an application for a rental permit with the Town of Southampton pursuant to Chapter 270 of the Town Code. A true and correct certified copy of the Town of Southampton's response to Defendant's counsel's Freedom of Information Law request for records concerning the rental permit for the premises is annexed hereto as Exhibit 2.

21.     Pursuant to Town Code Section 270-3, "no owner shall cause, permit or allow the occupancy or use of a dwelling unit as a rental property without a valid rental permit."

22.     Pursuant to Town Code § 270-5, "an application for a rental permit ***shall*** be filed with the enforcement authority ***before*** the term of the rental is to commence" (emphasis added).

23.     Pursuant to Town Code § 270-13, entitled "Collection of Rent," "[t]he following shall be **conditions precedent** to the collection of rent for the use and occupancy of a rental property: . . . (A) **The existence of a valid rental permit for the rental property**." (emphasis added).

24.     The possession of a current and valid rental permit pursuant to Town Code Chapter 270 is a condition precedent to the lawful collection of rents in the Town of Southampton.

25.     Pursuant to Town Code Chapter 270 and prevailing law, tenants, such as Defendant, possess a private right of action for the recoupment of rents paid to landlords, such as Plaintiff, when rents are collected without a valid rental permit.

26.     Between February 24, 2020 and August 20, 2020, Plaintiff unlawfully collected rents and a security deposit from Defendant in an amount totaling $121,785, which monies must be returned to Plaintiff pursuant to Southampton Town Code, Chapter 270.

27.     By virtue of the foregoing, Defendant is entitled to judgment against Plaintiff in the amount of $121,785, plus interest, costs, disbursements and attorney's fees.

## AS AND FOR DEFENDANT'S SECOND COUNTERCLAIM
### Violation of NY GOL § 7-103(1) - Comingling Security Deposit

28.     Defendant repeats and realleges all prior paragraphs as if fully set forth herein.

29.     Defendant remitted $20,000.00 as a security deposit to Plaintiff on February 24, 2020. Compl ¶ 16.

30.     As pleaded in the Complaint (¶¶ 17-18), Plaintiff comingled the security deposit with his personal funds.

31.     Pursuant to GOL § 7-103(1), "[w]henever money shall be deposited or advanced on a contract or license agreement for the use or rental of real property as security for

17

performance of the contract or agreement or to be applied to payments upon such contract or
agreement when due, such money, with interest accruing thereon, if any, until repaid or so
applied, shall continue to be the money of the person making such deposit or advance and shall
be held in trust by the person with whom such deposit or advance shall be made *and shall not be
mingled with the personal moneys or become an asset of the person receiving the same*, but may
be disposed of as provided in section 7-105 of this chapter." (Emphasis added).

      32.     Plaintiff has forfeited his right to retain Defendant's security deposit and
Defendant is entitled to the immediate return of the same.

      33.     By virtue of the foregoing, Plaintiff is liable to Defendant in the amount of
$20,000.00, plus interest, costs, disbursements and attorney's fees.

      34.     Further, upon information and belief, Plaintiff's violation of GOL § 7-103 was
willful and deliberate in nature, such that Defendant is entitled to recovery of twice the amount
of the security deposit, plus interest, costs, disbursements and attorney's fees.

### AS AND FOR DEFENDANTS THIRD COUNTERCLAIM
**Violation of NY GOL § 7-103(2) - Failure to Provide Bank Account Information**

      35.     Defendant repeats and realleges all prior paragraphs as if fully set forth herein.

      36.     Defendant remitted $20,000.00 as a security deposit to Plaintiff on or about
February 27, 2020. Compl. ¶ 16.

      37.     As pleaded in the Complaint (¶¶ 17-18), Plaintiff received the security deposit
funds to his personal account, then moved the funds to an unspecified account without providing
Defendant with the name and address of the banking institution within the state into which the
deposit was made.

      38.     Via email on August 20, 2020, and after having been advised by Defendant's
counsel of his multiple violations of law, Plaintiff belatedly informed Defendant that her security

had been deposited at "Synchrony Bank," a Delaware entity. Plaintiff did not, and to date has not, provided the address of said banking organization within the state.

39.     Pursuant to GOL § 7-103(2), "[w]henever the person receiving money so deposited or advanced shall deposit such money in a banking organization, such person shall thereupon notify in writing each of the persons making such security deposit or advance, giving the name and address of the banking organization in which the deposit of security money is made, and the amount of such deposit. Deposits in a banking organization pursuant to the provisions of this subdivision shall be made in a banking organization having a place of business within the state. . . ."

40.     Plaintiff did not provide the information required by GOL § 7-103(2) at the time the monies were moved to a new account, and his belated effort to provide such information six months later, on August 20, 2021, fell short of the statutory requirements.

41.     By virtue of the foregoing, Plaintiff has forfeited his right to retain Defendant's security deposit and Defendant is entitled to the immediate return of the same.

42.     By virtue of the foregoing, Plaintiff is liable to Defendant in the amount of $20,000.00, plus costs, disbursements and attorney's fees.

43.     Further, upon information and belief, Plaintiff's violation of GOL § 7-103 was willful and deliberate in nature, such that Defendant is entitled to recovery of twice the amount of the security deposit, plus interest, costs, disbursements and attorney's fees.

### AS AND FOR DEFENDANT'S FOURTH COUNTERCLAIM
**Violation of NY RPL § 235-B - Breach of Warranty of Habitability**

44.     Defendant repeats and realleges all prior paragraphs as if fully set forth herein.

45.     The implied warranty of habitability in residential premises is set forth in New York Real Property Law § 235-b, which provides *inter alia* that in every written or oral lease or

rental agreement for residential premises the landlord or lessor shall be deemed to covenant and warrant that the premises so leased or rented and all areas used in connection therewith in common with other tenants or residents are fit for human habitation and for the uses reasonably intended by the parties and that the occupants of such premises shall not be subject to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety.

46.     Notwithstanding Plaintiff's failure to obtain a rental permit in compliance with the Town Code, Plaintiff and Defendant entered into a written lease agreement for the premises, and in so doing, Plaintiff implicitly warranted the habitability of the residential premises.

47.     Plaintiff breached the warranty of habitability by failing to provide premises that were fit for human habitation and for the uses reasonably intended by the parties, such that Defendant was subjected to conditions that were dangerous, hazardous or detrimental to their life, health or safety, including but not limited to inadequate sanitation and plumbing facilities; sewage odors; backed up toilets; raccoon and other vermin infestation (and associated foul odors); pool and pool equipment in disrepair; and malfunctioning appliances (oven, washer/dryer).

48.     By virtue of the foregoing breaches, Defendant is entitled to a return or abatement of some or all rents paid, in an amount to be determined at trial, plus costs, disbursements and attorney's fees.

**WHEREFORE,** defendant, Michelle Clark, demands judgment:

a.     dismissing the Complaint in its entirety, together with interest, costs, disbursements and attorney's fees;

b.     on her First Counterclaim, judgment against Plaintiff in the amount of $121,785.00;

c.     on her Second Counterclaim, judgment in the amount of $20,000.00;

      d.       on her Third Counterclaim, judgment in the amount of $20,000.00;

      e.       on her Second and Third Counterclaims, because Plaintiff's violations of GOL § 7-103 were willful and deliberate in nature, a recovery of twice the amount of the security deposit, $40,000.00;

      f.       on all of her Counterclaims, interest, costs, disbursements and attorney's fees;

together with all such other and further relief the Court deems just and proper.

Dated:  Islandia, New York
       September 30, 2021

                       LEWIS JOHS AVALLONE AVILES, LLP

                       By: _____
                            Bryan F. Lewis, Esq.
                       *Attorney for Defendant Michelle Clark*
                       1377 Motor Parkway, Suite 400
                       Islandia, New York 11749
                       631.755.0101
                       LJAA File No.: 0021.2006.0000
                       E-Mail: bflewis@lewisjohs.com

TO:   Alex Kriegsman, Esq.
       KRIEGSMAN PC
       *Attorneys for Plaintiff*
       279 Main Street
       Sag Harbor, New York 11963
       631.899.4826
       E-mail: alex@kriegsmanpc.com