```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL WEINER,                                :
                                               :    ORDER
               Plaintiff,                      :    21-CV-4181 (WFK) (ARL)
                                               :
       v.                                      :
                                               :
MICHELLE CLARK,                                :
                                               :
               Defendant.                      :
------------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Michael Weiner ("Plaintiff") brings this diversity action to recover damages for Defendant Michelle Clark's ("Defendant") alleged breach of the parties' one-year lease agreement. *See* Compl., ECF No. 1. On September 30, 2021, Defendant filed an answer, denying all of Plaintiff's claims, raising ten affirmative defenses, and asserting four counterclaims. On December 20, 2021, Defendant filed a fully briefed motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking a Court order dismissing the Complaint in its entirety, with prejudice, and granting Defendant's First, Second, and Third Counterclaims, and awarding damages. Def. Mem., ECF No. 22. For the reasons to follow, the Court hereby DENIES Defendant's Motion for Judgment on the Pleadings. Def. Mot., ECF No. 20.

## BACKGROUND

Plaintiff Michael Weiner ("Plaintiff") brings this diversity action to recover damages from Defendant Michelle Clark's ("Defendant") alleged violation of the parties' one-year lease agreement ("the Lease"). *See* Compl., ECF No. 1.

Plaintiff and Defendant entered into the Lease on or about February 27, 2020. Compl. ¶ 9. According to which, Plaintiff agreed to rent his property at 100 Trelawney Road, Bridgehampton, New York 11932 (the "Premises") to Defendant for a stated term of March 15, 2020 through March 15, 2021. *Id.* In exchange, Defendant agreed to pay Plaintiff monthly rent in the amount of $20,417.00, due on the 15th of each month, in addition to a $20,000.00 security deposit (the "Security Deposit"). *Id.* ¶¶ 10-11.

1

Plaintiff alleges Defendant wired the Security Deposit on February 24, 2020 and took possession of the Premises on or about March 15, 2020. *Id.* ¶¶ 16, 18. Plaintiff also alleges he delivered the Premises in clean condition, with all systems, machinery, and appliances in working condition. *Id.* ¶¶ 19-20. Nevertheless, Plaintiff claims Defendant made repeated complaints about the property. *Id.* ¶ 21.

According to the Complaint, despite the fact Plaintiff addressed each of Defendant's complaints, Defendant ceased all rent payments by August 15, 2020 and vacated the Premises on October 11, 2020, with five months remaining on the Lease. *Id.* ¶¶ 22-40 (detailing Defendant's complaints and Plaintiff's responses); *id.* ¶¶ 48-49 (recounting Defendant's payment history).

Accordingly, Plaintiff brings this diversity action, pursuant to the Lease, to recover, *inter alia,* $142,915.00 in alleged rental arrears accounting for the balance owed on the Lease. *Id.* ¶ 57.

Defendant not only denies Plaintiff's allegations but also raises four counterclaims in response. Defendant did so first in her Answer, filed on September 30, 2021, and has more recently reiterated these claims in support of her Fed. R. Civ. P. Rule 12(c) Motion for Judgment on the Pleadings, which was fully briefed on December 30, 2021, and which is presently before the Court. *See* Ans., ECF No. 10; Mot. for Judgment on the Pleadings, ECF No. 20; Def. Mem. in Support of Mot. for Judgment on the Pleadings ("Def. Mem."), ECF No. 22.

Defendant claims Plaintiff failed to obtain a rental permit from the Town of Southampton (the "Town"), as is required under Chapter 270 of the Code of the Town of Southampton (the "Code") prior to entering into the Lease or collecting rent. Def. Mem. at 4. Defendant also claims Plaintiff admitted to mishandling Defendant's security deposit, in violation of NY General Obligations Law ("GOL") §§ 7-103(1) and (2). Accordingly, Defendant argues (1) Plaintiff's failure to comply with the Town's Code not only precludes his claim for breach of contract seeking

unpaid rents but also compels judgment for Defendant on her First Counterclaim, and the return of $121,785.00 paid by Defendant to Plaintiff in rent and security; and (2) Plaintiff's admitted mishandling of a security deposit compels judgment for Defendant on her Second and Third Counterclaims.  *Id.* at 9; *see generally* Ans. (Plaintiff's First Counterclaim alleges Violation of Southampton Town Code Chapter 270; Plaintiff's Second Counterclaim alleges Comingling Security Deposit, in violation of NY GOL § 7-103(1); Plaintiff's Third Counterclaim alleges Failure to Provide Bank Account Information, in violation of NY GOL § 7-103(2)).

For the reasons to follow, Defendant's Motion is DENIED.

## LEGAL STANDARD

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301–02 (2d Cir. 2021) (referencing *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)).  "To survive a Rule 12(c) motion, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (referencing quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted).  "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief ... calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal conduct." *Lynch*, 952 F.3d at 75 (internal quotation marks omitted).  In making this assessment, courts "draw all reasonable inferences" in the non-movant's favor. *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009).

"In deciding a motion for judgment on the pleadings, a court may consider the pleadings and attached exhibits, statements or documents incorporated by reference, and matters subject to judicial notice." *Merck & Co. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 410 (S.D.N.Y. 2006) (Chin, J.). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the [pleading] 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)).

That said, "[u]ntil both parties have an opportunity to test their evidence at summary judgment or trial, [courts] must accept the non-movant's pleading as true and decline to weigh competing allegations asserted by the moving party." *Lively*, 6 F.4th at 301. "Judgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial." *Id.* (internal quotations and citations omitted).

Accordingly, if there is a question of fact in dispute "it [is] improper for the district court to answer it on a motion for dismissal on the pleadings." *Id.* at 301-2 (quoting *Sheppard v. Beerman,* 18 F.3d 147, 151 (2d Cir. 1994)).

## **DISCUSSION**

The instant dispute concerns the parties' conflicting interpretations of Southampton Town Code section 270 and the nature of Plaintiff's handling of the Security Deposit. With respect to the former issue, Defendant claims Plaintiff is precluded from recovering damages for rental arrears due to Plaintiff's violation of Town Code § 270. Def. Mem. at 8. Plaintiff disagrees. Pl.

Opp. Mem., ECF No. 24 at 7.  Although he does not deny he violated this provision of the Town Code, Plaintiff argues this "does not deprive [him] of the right to sue on the contract." *Id.* (referencing *1424 Millstone Rd., LLC v. James B. Fairchild, LLC*, 136 A.D.3d 556, 557 (1st Dep't 2016)).  As to the latter issue, Defendant claims she is entitled to a return of the Security Deposit due to Plaintiff's alleged violation of GOL §§ 7-103 (1) and (2).  Def. Mem. at 9-10 (referencing Defendant's Third Counterclaim).  Plaintiff also refutes this claim.  First, Plaintiff rejects the argument he violated these provisions by comingling Defendant's funds, and, in the alternative, Plaintiff argues he promptly cured this violation, and thus Defendant is not entitled to these funds irrespective of Plaintiff's wrongdoing.  Pl. Opp. Mem. 12-13.

The Court has reviewed the arguments of both parties. In light of the ongoing factual disputes surrounding both claims, the Court hereby DENIES Defendant's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) in its entirety.

The Court now addresses each of these claims in turn.

1. Southampton Town Code §270

The parties disagree as to the effect, if any, a violation of Town Code Chapter 270 has on their rental agreement.  Town Code section 270 provides, in relevant part: "no owner shall cause, permit or allow the occupancy or use of a dwelling unit as a rental property without a valid rental permit[,]" Town Code § 270-3; "an application for a rental permit shall be filed with the enforcement authority before the term of the rental is to commence[,]" *id.* § 270-3; and "[t]he following shall be conditions precedent to the collection of rent for the use and occupancy of a rental property: A. The existence of a valid rental permit for the rental property." Southampton *id.* §270-13.

The parties do not dispute that the Lease term commenced on March 15, 2020; Defendant remitted the Security Deposit and first month's rent on February 24, 2020; and Defendant made timely rental payments for the following four months before ceasing said payments seven months short of the Lease's full term. Def. Mem. at 5; Pl. Opp. Mem. at 5-6. The parties also do not dispute that Plaintiff did not file a rental permit application until August 3, 2020 and that Plaintiff did not actually obtain a valid rental permit until September 23, 2020, in violation of Town Code section 270. Def. Mem. at 5-6; Pl. Opp. Mem. at 7-9. However, the parties fundamentally disagree as to whether Plaintiff-landlord's violation of Town Code §270 precludes him from suing Defendant-tenant on their underlying rental agreement.

Defendant argues Plaintiff-landlord's "failure to obtain, or even apply for, a rental permit from the Town of Southampton prior to the lease commencement date not only precludes his claim for breach of contract seeking unpaid rents, but compels judgment for Defendant on her First Counterclaim, and the return of $121,785.00 paid by Defendant to Plaintiff in rent and security." Def. Mem. at 9. Defendant relies primarily on two cases in support of this argument: *Ader v. Guzman*, 135 A.D.3d 671 (2nd Dep't. 2016) and *Schwartz v. Torrenzano,* 49 Misc.3d 943 (Sup. Ct., Suffolk Cty. 2015). Defendant maintains that these cases "provide that a landlord's failure to obtain a rental permit provides a tenant both a defense to a landlord's rent claims and a private right of action to recoup rent monies paid to landlords who violate Town Code §270." Def. Reply, ECF No. 23 at 6.

Plaintiff disagrees and argues both *Ader* and *Schwartz* are inapposite to the case at hand. Def. Mem. at 9. Not only does Plaintiff argue the underlying facts here are distinct from those in the cases Defendant cites, but Plaintiff also argues the courts' holdings suggest both that a tenant may inadvertently waive the permit requirement, and a landlord's violation of Town Code section

6

270 does not automatically constitute a waiver of his or her rights under a rental agreement. *Id.* at 9-10. Indeed, Plaintiff also cites *1424 Millstone Rd., LLC v. James B. Fairchild, LLC*, wherein the First Department determined under similar circumstances that "the Town Code did not provide a defense to plaintiff's claim or preclude an owner from bringing a lawsuit to collect rent because the Town Code provision did not 'provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy.'" *Id.* (quoting *1424 Millstone Rd.,* , 136 A.D.3d at 557).

At present, it is not clear whether a tenant may waive Town Code section 270's permit requirement, or, if so, whether Defendant waived this requirement here. It is also not clear whether a landlord may cure their violation of Town Code section 270, and, if so, whether Plaintiff did so here. What is clear is that ongoing factual issues preclude this Court from granting Defendant's Motion for Judgment on the Pleadings as to this claim and Defendant's First Counterclaim at this stage. *Lively*, 6 F.4th at 301; *Sheppard*, 18 F.3d at 151 . Until the factual record is more substantiated, the Court is unable to adequately assess these claims.

2. The Security Deposit

Defendant argues Plaintiff comingled the Security Deposit with his personal funds and failed to notify Defendant of the name and address of the banking organization within the state into which the security payment was deposited, both when the transaction occurred and subsequently upon Defendant's request. Def. Mem. at 9. As such, Defendant alleges Plaintiff violated GOL §§ 7-103(1) and (2), and thus claims judgment on Defendant's Second and Third Counterclaim, compelling the return of the Security Deposit, is warranted. *Id.* at 10.

Plaintiff again disagrees. As to Defendant's Second Counterclaim, Plaintiff not only refutes the claim he comingled Defendant's funds. Pl. Opp. Mem. at 11. He also claims Plaintiff erroneously wired the Security Deposit to Defendant's personal account; Defendant promptly corrected Plaintiff's error; and, even if the Court were to consider the Security Deposit comingled with Plaintiff's personal funds, that fact alone does not entitle Defendant to a return of this money. *Id.* at 11-12. Plaintiff also adds: "[i]t is well settled that even where a security deposit is 'not properly segregated in the first instance, a landlord may cure the defect during the term of the lease.'" *Id.* at 12 (quoting *Harlem Capital Ctr., LLC v. Rosen & Gordon, LLC*, 145 A.D.3d 579, 580 (1st Dep't 2016)) (referencing *Shandwick USA, Inc. v. Exenet Techs., Inc.*, 192 Misc. 2d 280, 281 (Civ. Ct., N.Y. Cty. 2002) ("Where the lease continues, a prior commingling since corrected does not forfeit the security." (quoting *Sommers v. Timely Toys*, 209 F.2d 342, 343 (2d Cir. 1954))). As to Defendant's Third Counterclaim, Plaintiff claims he notified Plaintiff of the name of the bank in which the Security Deposit had been deposited on August 20, 2020 and his inadvertent failure to include the bank's address or to maintain the deposit in a banking organization with a place of business in New York does not result in forfeiture of the Security Deposit. Pl. Opp. Mem. at 12 (citing *Urban Soccer Inc. v. Royal Wine Corp.*, 53 Misc. 3d 448, 463-64 (Sup. Ct., N.Y. Cty. 2016) (providing the failure to give timely notice of bank account information and to maintain security deposit in a New York branch did not alone entitle the tenant to a return of the deposit)).

In response, Defendant claims the facts of *Harlem Capital Ctr., LLC* and *Shandwick USA, Inc.*, two commercial tenancy cases, are distinct from the instant case, thus rendering them inapplicable here. Def. Reply at 15. Defendant adds, "[i]t is well settled under New York law that a tenant has a cause of action for conversion and the return of security deposit 'as soon as the deposit was placed in a commingled account.'" Def. Reply at 14 (citing *Dan Klores Assocs., Inc.*

8

*v. Abramoff,* 288 A.D.2d 121, 122 (1st Dept. 2001); *Milkie v. Guzzone,* 143 A.D.3d 863, 864 (2d Dept. 2016) (holding that as result of the landlord's commingling, the tenant had an immediate right to return of the security deposit funds)). The Court disagrees.

Plaintiff and Defendant do not agree as to the nature or extent to which Defendant's funds were comingled with Plaintiff's personal funds, or if they were comingled at all. There are extant factual issues which preclude the Court from assessing the parties' claims on either side. Without more information regarding the circumstances preceding Defendant's payment of the security deposit and surrounding Defendant's transfer of the funds to a segregated account, the Court cannot grant judgment as to Defendant's Second and Third Counterclaim at this time. *Shandwick USA, Inc.*, 192 Misc. 2d at 283 (Civ. Ct., N.Y. Cty. 2002).

## CONCLUSION

For the foregoing reasons, and in light of the parties' conflicting allegations and the ongoing factual disputes, Defendant's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) is DENIED in its entirety.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2023
      Brooklyn, New York